PER CURIAM.
We grant the State’s application to consider the propriety of orders issued by the district court, and affirmed by the court of appeal, which directed the prosecution to preserve and protect already collected biologic evidence, relative to this case, and prohibited the “undertaking or completing” by the prosecution of any further collection, examination, review, or testing of the biologic evidence, without prior notice to the defense and without allowing an opportunity for the defense to “appear at, witness and record such undertakings.” For the reasons that follow, we vacate the district court orders.
After the defendant’s genetic profile was linked to evidence in the May 20, 1993 aggravated kidnapping and aggravated rape of C.H., via an FBI Combined DNA Index System (“CODIS”) “hit,”[1] he was indicted by a grand jury, on or about February 24, 2011, for these crimes. Subsequently, the defendant filed a motion requesting that an expert (to be retained on his behalf at a later date) be allowed to be present for the prosecution’s DNA testing of the biologic material, which had been obtained from the defendant, via a subsequent buccal swab, for the purpose of confirming the DNA match with the evidence obtained in connection with the rape and kidnapping of C.H. Despite the prosecution’s offer to provide the defense with one-half of the biologic specimen collected from the defendant, so that the defense could conduct independent testing, the district court issued orders, on March 30, 2012 and on September 26, 2012, that would allow a defense expert (who, at that time, still had not been identified) to be present at the Louisiana State Police Crime Lab (“LSPCL”), when DNA testing was conducted on behalf of the prosecution, and that would prohibit the prosecution from proceeding with the testing until said expert could be retained by defense.
Louisiana Code of Criminal Procedure Article 719 provides that, upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of a physical or *346 mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial; exculpatory evidence must be produced under this article even though not intended for use at trial. In addition, Article 719 states that, upon motion of the defendant, whenever the court orders the defendant to provide urine, blood, saliva, or hair samples or samples of other bodily substances for de-oxyribonucleic acid testing in a criminal case, the defendant must be allowed to acquire one-half of the deoxyribonucleic acid sample, for separate testing by the defendant at his expense.
In the instant case, the prosecution’s offer to provide the defense with one-half of the biologic specimen collected from the defendant, for independent testing, satisfied the requirements of LSA-C.Cr.P. art. 719, and there was no showing by the defendant that he was entitled to discovery beyond that authorized by LSA-C.Cr.P. art. 719. To the extent that the defendant expressed an interest in discovering the LSPCL’s testing methods and procedures, he is limited, by the Code of Criminal Procedure’s discovery provisions, to requesting discovery of any existing written or recorded books, papers, documents, photographs, and/or other tangible objects, such as texts or manuals, subject to the limitations set forth in LSA-C.Cr.P. art. 928. See LSA-C.Cr.P. art. 918;[2] LSA-C.Cr.P. art. 928.[3] See also State v. Manning, 2003-1982 (La.10/19/04), 885 So.2d 1044, 1087-88 (noting that the computer program used by the prosecution’s expert, to calculate the frequency rates of specific DNA profiles appearing in various populations, had been made available to the defense during discovery); State v. Stelly, 94-306 (La.App. 3 Cir. 11/2/94), 645 So.2d 804, 808, writ denied, 94-3103 (La.4/28/95), 653 So.2d 589 (wherein the defendant had been allowed access to scientific texts utilized by the prosecution’s genetics testing laboratory).
Accordingly, we conclude that the district court erred in issuing its March 30, 2012 and September 26, 2012 orders in favor of the defendant, which placed limitations on the prosecution’s DNA testing of biologic samples; therefore, we hereby vacate those orders and remand for further proceedings in accordance with the foregoing.
*347 WRIT GRANTED; MARCH 30, 2012 AND SEPTEMBER 26, 2012 DISTRICT COURT ORDERS VACATED; REMANDED.

. See LSA-R.S. 15:601 etseq.

. Article 918 provides:
Subject to the limitation of Article 723, and except as otherwise prohibited by law, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant, or an expert working with the defendant, to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof that are within the possession, custody, or control of the state, and that:
(1) are favorable to the defendant and that are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3)were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.

. Article 923 provides:
Except as provided in Articles 716, 718, 721, and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state.